### JAMES H. STAMP v. THE COUNTY OF CASS.

*Board of supervisors—Reward for conviction of offenders.*

How far a board of supervisors has power to offer rewards for the arrest and conviction of offenders—Q.

A board of supervisors cannot, unless distinctly authorized by legislation, incur debts or make engagements except on the basis of benefit to the county it represents.

Claims for services to a county under a reward offered therefor by the board of supervisors are within the exclusive jurisdiction of the board, and its disposition of them is not subject to review on the facts; nor will any action lie against the county therefor after the board has considered and rejected them. ·

Error to Cass. Submitted Oct. 26. Decided Jan. 5.

ASSUMPSIT. Plaintiff brings error. Affirmed

*Spafford Tryon* for plaintiff in error. The county is bound by the promise of a board of supervisors to pay a reward for the arrest and conviction of an offender: *Freeman v. Boston* 5 Met. 56; *Loring v. Boston* 7 Met. 409;

*Wentworth v. Day* 3 Met. 352 ; *Symmes v. Frazier* 6 Mass.
344 ; *Auditor v. Ballard* 9 Bush 572 ; *Howland v. Lounds*
51 N. Y. 604 ; *Fitch v. Snedaker* 38 N. Y. 248 ; *Gillmore
v. Lewis* 12 Ohio 281 ; *Morse v. Bellows* 7 N. H. 549 ;
*City Bank v. Bangs* 2 Edw. Ch. 95.

*Joseph B. Clarke* for defendants in error. An officer
who makes an arrest is not entitled to a reward offered
therefor : *Stamper v. Temple* 6 Humph. 113 ; *Pool v. Bos-
ton* 5 Cush. 219 ; *Kick v. Merry* 23 Mo. 72 ; *Day v. Put-
nam Ins. Co.* 16 Minn. 408 ; *Warner v. Grace* 14 Minn. 487 ;
*Bent v. Wakefield* 18 Am. L. Reg. N. S. 291.

CAMPBELL, J. Plaintiff sued the county of Cass to
recover $500 which was offered as a reward by the board of
supervisors, to be paid on the arrest and conviction of the
murderer of one William Young. The declaration averred
that plaintiff procured the arrest and conviction of William
Hobart for the murder.

The court below found that plaintiff was sheriff of the
county, but that no process had issued to him, and that no
evidence had been discovered, and no complaint or prose-
cution made until Hobart had confessed his guilt to plaintiff,
on which confession he was convicted ; and that the sheriff
in arresting Hobart and procuring his conviction acted in
his private capacity. Having found expressly that plaintiff
performed such services as would have entitled him to the
reward, the court held that having presented his claim to
the supervisors, who disallowed it, plaintiff had no remedy
by action.

How far the supervisors had power to offer such a reward
is a question of considerable importance. But if they had
the power to offer it, this could only be on the supposition
that they regarded the service to be rendered as a service to
the county. The supervisors could not in any case, except
under some power distinctly granted by the Legislature, incur
debts or make engagements except on the basis of benefit to
the county.

We need not therefore consider whether this reward could be offered properly on such a basis. It was actually made as an inducement for services to be rendered. The Constitution expressly makes the board of supervisors an auditing body without appeal, on all claims of that kind. Const. § 10, art. 10. The plaintiff saw fit to present his claim for audit, and it was disallowed. The record does not show whether it was because the board regarded the offer as invalid or because the plaintiff did not satisfy them that he had earned it. It is to be inferred from the record that the board did not refuse to consider the claim, but considered and rejected it. Having passed upon it, and if valid at all it being a claim for services, we think it was within the jurisdiction of the board, and consequently not subject to review on the facts in the courts.

We agree with the court below that there was no ground for such an action for services, and we do not express any opinion upon the validity of the offer, or the sheriff's right to earn it.

The judgment must be affirmed with costs.

The other Justices concurred.